IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

RODNEY AARON WOOD, )
)
         Plaintiff, )
)
vs. ) Case No. CIV-09-165-JHP-SPS
MILTON ANTHONY, *et al.*, )
)
         Defendants. )

# ORDER

This matter comes on for consideration on Defendants (Milton Anthony, Chris Douthit, and Jamie Conway) Motion to Dismiss (Doc. 39). Plaintiff filed a Response on September 3, 2009 (Doc. 45). A Reply was filed on September 11, 2009 (Doc. 46).

## Allegations

Plaintiff brings this civil rights complaint against the Sheriff of Carter County and the Carter County Board of Commissioners as well as numerous employees of the Carter County Jail alleging violations of his 8th Amendment rights, to-wit: unfit living conditions and deprivation of medical care. Specifically, Plaintiff alleges he has been denied outside recreation and fresh air; that his legal mail has been opened; he has been denied access to a law library; his living conditions are unfit; he has been refused medications and/or proscribed medications without a proper examination; he has been denied "required ankle surgery;" and that medications are distributed by uncertified and unqualified corrections officers.

## Legal Analysis

### A. Standard for dismissal

Title 42 U.S.C. § 1983 provides a federal remedy against any person who, acting under color of state law, deprives another of his federal rights. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Two prima facie elements must be alleged in a 1983 complaint: 1) the defendant deprived the plaintiff of a right secured by the 'Constitution and laws' of the United States and 2) the defendant acted 'under color of law.' *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Federal Rule of Civil Procedure 8(a)(2) sets up a liberal system of notice pleading in federal courts requiring only that the complaint include a short and plain statement of the claim. *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008).

A civil rights claim should be dismissed only where it appears that the plaintiff could prove no set of facts entitling him to relief. *Meade v. Grubbs*, 841 F.2d 1512, 1516 (10th Cir. 1988) (citing *Owens v. Rush*, 654 F.2d 1370, 1378-79 (10th Cir. 1981)). In reviewing a claim for dismissal under Fed.R.Civ.P. 12(b)(6), all of the factual allegations in the complaint must be presumed true and construed in the light most favorable to the plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). A *pro se* litigant's pleadings are held to less stringent standards than those drafted by lawyers and the court must construe them liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). At the same time, the district court can not assume the role of advocate for a *pro se* litigant and should dismiss claims that are supported by vague or conclusory allegations. *Hall*, 935 F.2d, at 1110.

### B. Plaintiff's Claims

Plaintiff's Second Amended Complaint alleges that each of the named defendants was "acting under color of state law" at the time the claims arose. This Complaint does not, however, allege any actions which were individually undertaken by Defendants Anthony, Douthit, or Conway. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also*, *Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Further, "[s]ection 1983 will not support a claim based on a respondeat superior theory of liability." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, this Court finds, pursuant to Rule 12(b)(6), Plaintiff has failed to state a claim against any of these defendants upon which relief can be granted. Therefore, Defendants Motion to Dismiss (Doc. 39) should and hereby is granted and this action is dismissed with prejudice against Defendants Anthony, Douthit, and Conway.

It is so ordered on this __8th__ day of December, 2009.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma